# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEWMAN, | CASE NO. 1:07-cv-01660-OWW-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED, AND PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL |
| v. | |
| M. GONZALES, et al., | |
| Defendants. | (Docs. 1 and 12) |
| | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff Charles Newman ("plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 21, 2007, while incarcerated at California State Prison-Sacramento.[1] On January 14, 2008, the court granted plaintiff's motion for leave to proceed in forma pauperis. For the reasons set forth below, plaintiff is not entitled to proceed in forma pauperis in this action, and the court recommends that ifp status be revoked and plaintiff be required to submit the $350.00 filing fee in full.

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

---

[1] On February 8, 2008, plaintiff filed a notice of change of address to what appears to be an out-of-custody address.


physical injury." Plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[2] Thus, plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury.

The court has reviewed plaintiff's initial complaint and finds that plaintiff does not meet the imminent danger exception.[3] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because plaintiff has alleged no facts that support a finding that at the time of the filing of the complaint he was under imminent danger of serious physical injury, plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The order granting plaintiff leave to proceed in forma pauperis be vacated;

2. Pursuant to 28 U.S.C. § 1915(g), plaintiff be found ineligible to proceed in forma pauperis in this action; and

3. Plaintiff be ordered to submit the $350.00 filing fee in full or dismissal of this action will occur.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///

---

[2] The Court takes judicial notice of 5:05-cv-01724-JW Nelson v. McClean, et al (N.D. Cal.). On June 1, 2007, the Honorable James Ware found plaintiff has been subject to 1915(g) since 2000, and granted defendants' motion to dismiss. The district court cases counted as strikes were two dismissals for failure to state a claim, and one dismissal for frivolousness. (N.D. Cal. Court Record Document 57.)

[3] Plaintiff is alleging due process, defamation, retaliation, and false imprisonment claims arising out of the assessment of a Security Housing Unit term against plaintiff.

2

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   February 27, 2008**            **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE