UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEWMAN, | CASE NO. 1:07-cv-01660-OWW-GSA-PC |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 9) |
| M. GONZALES, et al., | |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff Charles Newman ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 19, 2007, while incarcerated at Folsom State Prison (FSP).  On December 3, 2007, Plaintiff filed the first amended complaint in this action. Seven days later, on December 10, 2007, Plaintiff filed a second amended complaint ("the complaint,") which is currently before the Court.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

---

[1] The second amended complaint appears to be the same document filed on December 3.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

   **A.  Summary of the Complaint**

The complaint alleges violations of Plaintiff's rights under the Fourteenth, Eighth, and First Amendments of the United States Constitution. Plaintiff alleges that various Defendants denied Plaintiff access to FSP's administrative appeals process, retaliated against Plaintiff for exercising his First Amendment rights, deprived Plaintiff of his personal property, and discriminated against Plaintiff based on his race. The complaint also asserts various state law tort claims as well as claims under the Racketeer Influenced and Corrupt Organization Act.

   **B.  Rule 8 Pleading Standard**

Federal Rule of Civil Procedure 8(d) requires that "[e]ach allegation must be simple, concise, and direct." The Court may dismiss a complaint that is replete with irrelevant factual information, redundant allegations, and evidentiary matter on the grounds that the complaint fails to comply with Rule 8. Carrigan v. California State Legislature, 263 F.2d 560, 564 (9th Cir. 1959) cert. denied 359 U.S. 980 (1959)[2](affirming dismissal without prejudice of a complaint totaling 186 pages and filled with hearsay statements, medical reports, and other extraneous material); Corcoran v. Yorty, 347

---

[2] Carrigan and several of the other authorities cited herein concern former Federal Rule of Civil Procedure 8(e), which provided in relevant part "each averment of a pleading shall be simple, concise, and direct." The current version of Rule 8 provides the same standard: "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

2

F.2d 222, 223 (9th Cir. 1965) (affirming dismissal of complaint that was verbose, confused, and redundant); Agnew v. Moody, 330 F.2d 868, 870 (9th Cir. 1964) (dismissing 55-page civil rights complaint where elements and factual context of claim were simple); see also Gordon v. Green, 602 F.2d 743, 746 (5th Cir. 1979) ("flagrant violations of Rule 8 should not be tolerated"). Even where a complaint provides specific allegations of fact that support claims against some of the named defendants, if the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," dismissal is appropriate. See McHenry v. Renne, 84 F.3d 1172, 1175-78 (9th Cir. 1996).

The complaint spans over one-hundred pages and is accompanied by an additional ninety-five pages of exhibits, almost none of which are incorporated by reference as required by Federal Rule of Civil Procedure 10(c). The complaint alleges thirteen causes of action against over twenty Defendants, including the California Department of Corrections and Rehabilitation and the State of California.[3] A substantial portion of Plaintiff's complaint is devoted to reciting duplicative allegations, evidentiary matter, and irrelevant factual information. Despite two thorough reads of the complaint, the Court is unclear as to the bases for Plaintiff's claims against each Defendant. Accordingly, Plaintiff's complaint fails to meet the pleading standard set forth in Federal Rule of Civil Procedure Rule 8 and must be dismissed.

**C. Permissive Joinder**

A plaintiff may join as many claims as the plaintiff has against an opposing party in a single action. Fed. R. Civ. P. 18(a). A plaintiff may also join several persons as defendants in a single action if a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, *and* b) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits...." George v. Smith, 507 F.3d 605, 606

---

[3] The Eleventh Amendment bars suits for money damages against states and state agencies. See, e.g., Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996). Plaintiff's claims against the California Department of Corrections and Rehabilitation are not cognizable.

(7th Cir. 2007). "A buckshot complaint that would be rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions--should be rejected if filed by a prisoner." Id. at 607.

The complaint asserts numerous causes of action that do not appear to be related to each other in any significant way. Plaintiff fails to establish that the actions of various Defendants were part of a single transaction or occurrence or that questions of law or fact common to all Defendants will arise in this action. Accordingly, joinder of Plaintiff's various claims is inappropriate, and the complaint must be dismissed. See George, 507 F.3d at 606 (holding that prisoner's complaint should have been rejected where prisoner did not make any effort to show that the twenty-four named defendants had participated in the same transaction or series of transactions or that a question of fact was common to all defendants).

### III. Conclusion and Order

The complaint fails to provide a short and plain statement showing that Plaintiff is entitled to relief and thus violates the requirements of Federal Rule of Civil Procedure 8(a). The complaint also violates Rule 8(d)(1) which requires that each allegation be simple, concise, and direct. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Based on the factual context and legal elements of Plaintiff's claims, Plaintiff should be able to adequately plead his case in thirty pages or fewer. Plaintiff is cautioned against including evidentiary matter not properly incorporated into the complaint or tangential factual information. Plaintiff is also cautioned that the amended complaint should not include claims for which venue would be improper in the Fresno Division of the Eastern District of California. See 28 U.S.C. § 1391 (c) (2008).

///

///

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **January 28, 2009**          /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE